```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

         -v.-                     :      11 Cr. 411 (SAS)

ABDOU AMADOU WATARA,              :

         Defendant.               :

- - - - - - - - - - - - - - - - - -x
```

**GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

> PREET BHARARA
> United States Attorney for the
> Southern District of New York,
> Attorney for the United States
> of America

Santosh Aravind
Assistant United States Attorney
    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

        -v.-                       :         11 Cr. 411 (SAS)

ABDOU AMADOU WATARA,               :

        Defendant.                 :

- - - - - - - - - - - - - - - - - -x
```

GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests the Court to include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

A. The Charges

1. This is a criminal case. The defendant, Abdou Amadou Watara, has been charged in an Indictment filed by a grand jury sitting in this District with conspiring to commit bank fraud.

2. The Indictment is not evidence itself. It simply contains the charge that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charge in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3. The defendant is accused of conspiring to commit bank fraud from in or about October 2008, up to and including in or about July 2010; that is, he is charged with entering into a criminal agreement to take money from banks that he and others were not entitled to.

4. Do any of you feel that you could not view fairly and impartially a case involving such a charge?

B. Ability to Render a Fair Verdict

5. Has any juror been involved in an offense involving bank fraud or identity fraud?

6. Has anyone's relative, close friend, or associate been involved in such an offense?

7. Does the fact that the charge involves bank fraud make it difficult for any of you to render a fair verdict?

8. Do any of you have any opinion about the enforcement of bank fraud laws that might prevent you from being fair and impartial in this case?

9. Have any of you, or a member of your family or close friend, ever lobbied, petitioned, or worked in any manner for or against any laws or regulations relating to financial crimes? If so, what did you do and when?

10. Do any of you, or a close relative or friend, work for TD Bank, Wachovia Bank, Wells Fargo Bank, Bank of America, or Capital One Bank? If so, in what capacity?

11. Are any of you a customer of any of the banks that I just mentioned? If so, would that influence your ability to decide this case fairly and impartially?

12. <u>Law Enforcement Witnesses</u>. The witnesses in this case may include law enforcement agents. Would any of you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement agent?

13. <u>Accomplice Witnesses</u>. You may hear testimony in this case from accomplice witnesses, that is, witnesses who at one time were involved in illegal activity, but who have admitted that s/he committed various crimes and is testifying pursuant to an agreement with the Government. I instruct you that the use of such accomplice witnesses is perfectly legal and is often a necessary law enforcement tool. Do any of you have any experience with or feelings about the use of accomplice witnesses generally, or the use of evidence or information obtained from accomplice witnesses, that

would make it difficult for you to render a fair and impartial verdict if you heard testimony from an accomplice witness?

14. <u>Immigration Status of Witnesses</u>.  You may hear testimony from people who have no legal status in the United States, that is, they are residing here illegally.  Do any of you have any experience with or feelings about illegal immigrants generally that would make it difficult for you to render a fair and impartial verdict if you heard testimony from such witnesses?

15. This case was investigated by the United States Postal Inspection Service (the "Postal Inspection Service") and the United States Secret Service (the "Secret Service").  Has any juror worked for the Postal Inspection Service or the Secret Service?  If so, in what capacity?  Has any juror had any contact with the Postal Inspection Service or the Secret Service?  If so, what was the nature of that contact?

    C.   <u>Knowledge of the Trial Participants</u>

16. The defendant in this case is Abdou Amadou Watara [*Please ask the defendant to rise.*]  Do any of you know, or have any of you had any dealing, directly or indirectly, with the defendant or with any relative, friend or associate of the defendant?

17. Do any of you have any relatives, friends, associates, or employers who know or have had any dealings with the defendant?

18. The defendant, Abdou Amadou Watara, is represented by attorney Thomas Nooter. [*Please ask Mr. Nooter and defense counsel team to rise.*] Do any of you know Mr. Nooter or have you had any dealings, either directly or indirectly, with him?

19. The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York -- who is Preet Bharara. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Santosh Aravind and Avi Weitzman. They will be assisted by Jessie Erwin, a paralegal specialist in the United States Attorney's Office and Postal Inspector James Antonino. [*Please ask the prosecution team to stand.*] Do any of you know Mr. Bharara, Mr. Aravind, Mr. Weitzman, Ms. Erwin or Inspector Antonino? Have you had any dealings either directly or indirectly with any of these individuals?

Relevant Witness and Locations

20. Does any juror know or has he or she had any dealings, either directly or indirectly with any of the following individuals who may be called as witnesses or whose names may come up during the trial:

[list to be provided]

21. Certain conduct at issue in this case took place at various locations, including the following:

[list to be provided]

Are any of you familiar with these general areas of New York or Connecticut or these specific locations? What do you know about the area? Do you think that your familiarity with the area will affect your ability to render a fair verdict?

22. Do any of you believe that you have any personal knowledge of the facts or circumstances of the crime charged in the Indictment as I have described it?

E.  Relationship With Government

23. Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York, the Postal Inspection Service or the Secret Service? Is any member of your family employed by any federal department or agency, or any law enforcement agency, whether federal, state or local?

24. Does any juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the Postal Inspection Service or the Secret Service, or any other law enforcement agency?

25. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any

of the officers, departments, agencies, or employees of the United States, including the Postal Inspection Service or the Secret Service?  Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

    F.    <u>Prior Jury Service</u>

    26.    Have you ever, at any time, served as a member of a grand jury, whether federal, state, county or city court?

    27.    Have you ever served as a juror in any court?  If so, when and in what court did you serve and was it a civil or criminal case?  Did the jury reach a verdict?

    G.    <u>Experience as a Witness, Defendant, or Crime Victim</u>

    28.    Has any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or governmental agency?  Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

    29.    Have you ever been a witness or a complainant in any prosecution, state or federal?

    30.    Are you, or any family member, to your knowledge, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

31. Have you, or has any member of your family, any associate or close friend, ever been arrested or charged with a crime?

32. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

33. Have you, or any of your close friends or relatives, ever been a victim of a crime?  [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.]

H.   Other Questions

34. Do any of you have any problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

35. Are any of you taking any medication that prevents you from giving full attention to all of the evidence at this trial?

36. Do any of you have any difficulty in reading or understanding English in any degree?

37. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

38. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, do any of you have the slightest doubts in your own mind, for any reason whatsoever, that you will not be able to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

I.  Function of the Court and Jury

39. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

40. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that

any possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty?

41. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as whether the defendant is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty?

42. It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any of you who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

J. <u>Juror's Background</u>

43. The Government respectfully requests that the Court ask each juror to state the following information:

    a. the juror's family status;

    b. the town or part of New York City in which the juror resides;

    c. the juror's occupation and educational background;

    d. the location of the juror's employer;

    e. the period of employment with that employer;

    f. the same information concerning other employment within the last five years;

    g. the same information with respect to the juror's

spouse and any working children;

   h. what newspapers and magazines the juror reads and how often; and

   i. what television programs the juror regularly watches.

 K. <u>Requested Instruction Following Impaneling of the Jury</u>

  44. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial, you must not conduct any independent research about this case, the matters in this case, and the individuals and corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk and to no one

else.  When I say report that to no one else, I mean that you should not tell anyone, including your fellow jurors.

45.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.  In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside the courtroom.  Please do not wait in the courtroom.

46.     Finally, if anything should happen involving any juror which is of an unusual nature, or which you think is something the judge should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say.  I make these remarks without expecting anything unusual or improper to happen.  It is just safer to take the precaution of alerting you in advance.

Dated:     New York, New York
           August 3, 2011

                                     Respectfully submitted,

                                     PREET BHARARA
                                     United States Attorney
                                     Attorney for the Government
                                     United States of America

                         By:     /s/
                             Santosh Aravind
                             Assistant United States Attorney
                             (212) 637-1045